1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11                       ----oo0oo----

12   CHAUDRY ABID, previously known
     as ASIA ABID; SHAMIM ABID,
13   previously known as MUDASAR
     ABID; and KIRAN CHAUDRY,
14   previously known TUBASIM ABID,
                                        NO. CIV. S 08-165 FCD GGH
15        Plaintiffs,

16      v.                              MEMORANDUM AND ORDER

17   ALLSTATE INSURANCE COMPANY, a
     California corporation; and
18   DOES 1-50, inclusive,

19        Defendants.

20                       ----oo0oo----

21       This matter is before the court on a motion to dismiss,

22   pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by

23   defendant Allstate Insurance Company ("Allstate").[1]  Plaintiffs

24   Chaudray Abid, Shamim Abid, and Mudasar Abid (collectively

25   "plaintiffs") oppose the motion.  For the reasons set for below,

26   _____

27       [1]   Because oral argument will not be of material
     assistance, the court orders the matter submitted on the briefs.
28   E.D. Cal. L. R. 78-230(h).

                                  1

1  defendant's motion to dismiss is GRANTED, and plaintiffs' motion

2  for leave to amend is GRANTED.

3  <center>**BACKGROUND**[2]</center>

4      On September 11, 2001, a fire broke out at plaintiffs' home

5  in Sacramento, California.  (Compl. ¶ 7.)  The residence was

6  covered by a homeowner's insurance policy issued by Allstate.

7  (Id.)  On September 12, 2001, plaintiffs filed a claim for

8  benefits under the insurance policy, alleging damage to the home

9  and personal property within the home, and other injuries.  (Id.

10  ¶ 21.)  Allstate denied the claim and refused to pay any benefits

11  under the policy.  (Id. ¶¶ 8-9.)

12      On March 23, 2002, plaintiffs, acting through legal counsel,

13  made a formal demand on Allstate for policy benefits.  (Id. ¶

14  10.)  Allstate ignored the demand and continued to refuse

15  payment.  (Id.)  Between March 23, 2002, and July 29, 2005,

16  Allstate failed to communicate with plaintiffs regarding any

17  additional documents needed to obtain benefits under the policy.

18  (Id. ¶ 21.)

19      During the summer of 2006, plaintiffs retained an attorney.

20  (Id. ¶ 10.)  On December 12, 2007, plaintiffs filed a complaint

21  against Allstate in Sacramento Superior Court to recover benefits

22  under the homeowner's insurance policy.  An amended complaint was

23  filed on December 19, 2007.  Thereafter, Allstate removed the

24  action to this court.  Allstate now moves to dismiss the

25  complaint pursuant to Rule 12(b)(6).

26

27      [2]   The facts contained herein are drawn from plaintiff's

28  amended complaint.  (See Pl.'s Amended Compl. ("Compl."), Ex. A-1
to Def.'s Notice of Removal (Docket #1-2), filed Jan. 23, 2008.)

<center>2</center>

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true. <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. <u>See</u> <u>id.</u>

Nevertheless, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1973 (2007). Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed. <u>Id.</u> "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hudson v. King & Spalding</u>, 467 U.S. 69,

3

73 (1984)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

## ANALYSIS

Under California law, the statute of limitations on insurance policies containing fire coverage is one year.  Cal. Ins. Code § 2071.  The limitations period begins to run at the "inception of loss," defined as the time at which "appreciable damage occurs and is or should be know to the insured."  Id.; Prudential-LMI Commercial Ins. v. Super. Ct., 51 Cal. 3d 674, 686-87 (1990).  The statute of limitation may be equitably tolled for numerous reasons, including when an insurer "leads its insured to believe that an amicable adjustment of the claim will be made." Prudential, 51 Cal. 3d at 690.

Here, plaintiffs allege their homeowner's insurance policy covered the damage caused by the fire that destroyed their home on September 11, 2001.  Plaintiffs further allege Allstate repeatedly denied their claims for benefits under the policy. However, the complaint fails to allege facts setting forth plaintiffs' entitlement to equitable tolling of the applicable statute of limitation.  According to the complaint, Allstate first denied plaintiffs' claim sometime in 2001.  The complaint alleges plaintiffs filed a formal demand on Allstate in 2002, which apparently was also denied.  Plaintiffs then assert that

4

there was no communication between plaintiffs and Allstate
between March 23, 2002, and June 29, 2005.  Plaintiffs allege
that, subsequently, in the summer of 2006, plaintiffs and
Allstate began communicating about the claim again.  The
complaint was not filed until December 2007, more than a year
after these alleged communications.  As currently pled,
plaintiffs' allegations fail to support a claim that defendant,
the insurer, led plaintiffs, the insureds, to believe that an
amicable adjustment of the claim would be made or that the
statute of limitation should be tolled for other reasons.

In their opposition, plaintiffs ask the court to take notice
of additional facts contained in their brief and in the
supplemental declaration of plaintiff Chaudry Abid attached
thereto.  However, on a motion to dismiss the court is confined
to the complaint and any exhibits attached to the complaint.  See
Mir, 844 F.2d at 649; Isuzu Motors Ltd., 12 F. Supp. 2d at 1042.
Thus, the court cannot consider the additional facts and evidence
proffered by plaintiffs.[3]

Therefore, because plaintiffs have failed to plead facts in
their complaint to sufficiently support a theory of equitable
tolling, defendant's motion to dismiss is GRANTED.  In their
opposition, plaintiffs request the opportunity to amend their
pleadings.  Based upon the submissions and arguments of the
plaintiffs in opposition to defendant's motion, the court does
not find that leave to amend is futile, sought in bad faith, or

---

[3]    For the same reason, the court will not consider the
exhibits filed by defendant in support of its motion to dismiss.

1  would cause unnecessary delay.[4]   Therefore, plaintiffs' motion to

2  amend the complaint is GRANTED.

3       In its reply, Allstate for the first time asserts that under

4  the doctrine of judicial estoppel, plaintiffs cannot make a claim

5  against Allstate because such a claim was not listed as an asset

6  of their estate in plaintiffs' bankruptcy proceedings filed in

7  2004.  Plaintiffs have not been given an opportunity to respond

8  to this argument, and thus the court will not consider it on the

9  merits.[5]

10                              **CONCLUSION**

11       For the foregoing reasons, defendant's motion to dismiss is

12  GRANTED, and plaintiffs' motion for leave to amend their

13  complaint is GRANTED.  Plaintiffs shall file a Second Amended

14  Complaint within twenty (20) days from the issuance of this

15  order.  Defendant is granted thirty (30) days from the date of

16  service of plaintiffs' second amended complaint to file a

17  response thereto.

18       IT IS SO ORDERED

19  DATED: April 10, 2008.

20

21                              _____

22                              FRANK C. DAMRELL, Jr.
                                UNITED STATES DISTRICT JUDGE

23

---

24       [4]    Pursuant to Rule 15(a), "leave [to amend] is to be
    freely given when justice so requires."  "[L]eave to amend should
25  be granted unless amendment would cause prejudice to the opposing
    party, is sought in bad faith, is futile, or creates undue
26  delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir.
    1997).
27

28       [5]    Nothing in this order prevents defendants from raising
    this argument later in the litigation.

                                    6