UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHAUDRY ABID, SHAMIM ABID,
KIRAN CHAUDRY, previously
known as ASIA ABID, MUDASAR
ABID, and TUBASIM ABID,

       NO. CIV. 08-165 FCD GGH

     Plaintiffs,

   v.

**AMENDED** MEMORANDUM AND ORDER[1]

ALLSTATE INSURANCE COMPANY, a
California corporation; and
DOES 1-50, inclusive,

     Defendants.

----oo0oo----

This matter is before the court on defendant Allstate

Insurance Company's ("Allstate") motion to dismiss plaintiffs'

Second Amended Complaint, pursuant to Federal Rule of Civil

---

[1]     This amended memorandum and order makes minor
modifications to the order filed on June 23, 2008, relating to
non-substantive, typographical errors brought to the court's
attention by defendant Allstate Insurance Company's counsel.
That order is hereby VACATED and the instant order supercedes it
in all respects.

1

Procedure 12(b)(6).[2]  Plaintiffs Chaudry Abid, Shamim Abid, Kiran

Chaudry, Mudasar Abid, and Tubasim Abid (collectively

"plaintiffs") oppose the motion.  For the reasons set for below,

defendant's motion to dismiss is GRANTED.

### BACKGROUND[3]

On September 11, 2001, a fire broke out at plaintiffs' home

in Sacramento, California.  (SAC ¶ 7.)  The residence was covered

by a homeowner's insurance policy issued by Allstate.  (<u>Id.</u>)  On

September 12, 2001, plaintiffs filed a claim for benefits under

the insurance policy, alleging damage to the home, damage to

personal property within the home, and other injuries.  (<u>Id.</u> ¶

24.)

Chaudry Abid was a suspect in the fire, and a criminal

investigation was started.  (<u>Id.</u> ¶ 9.)  Plaintiffs allege that

Allstate was on notice of this and "contributed" to the

investigation.  (<u>Id.</u>)  As a result of the criminal investigation

for arson, plaintiffs were forced to file for bankruptcy in 2004.

(<u>Id.</u> ¶ 10.)  Plaintiffs did not list the insurance claim as an

asset.  (Bankruptcy File, Ex. A. to Def.'s Req. for Judicial

Notice, filed May 5, 2008, at Schedule B.)  Rather, plaintiffs

marked the box under "None" next to the inquiry regarding "Other

contingent and unliquidated claims of every nature."  (<u>Id.</u>)

Plaintiffs argue that any claims they had in the insurance policy

---

[2]    Because oral argument will not be of material
assistance, the court orders the matter submitted on the briefs.
E.D. Cal. L. R. 78-230(h).

[3]    The facts contained herein are drawn from plaintiff's
Corrected Second Amended Complaint.  (<u>See</u> Pl.'s Corrected Second
Amended Compl. ("SAC"), filed June 3, 2008.)

1  were not ripe because the insurance company was essentially

2  investigating Chaudry Abid for insurance fraud.  (Id.)  After the

3  bankruptcy was completed, the criminal investigation was dropped.

4  (Id. ¶ 11.)

5       On December 12, 2007, plaintiffs filed a complaint against

6  Allstate in Sacramento Superior Court to recover benefits under

7  the homeowner's insurance policy.  An amended complaint was filed

8  on December 19, 2007.  Thereafter, Allstate removed the action to

9  this court.  After the court granted Allstate's motion to dismiss

10  and gave plaintiffs leave to amend, plaintiffs filed a Second

11  Amended Complaint.  The Second Amended Complaint asserts claims

12  for breach of contract, breach of the covenant of good faith and

13  fair dealing, and unfair competition.  Allstate now moves to

14  dismiss this complaint pursuant to Rule 12(b)(6).

15                            **STANDARD**

16       On a motion to dismiss, the allegations of the complaint

17  must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322

18  (1972).  The court is bound to give plaintiff the benefit of

19  every reasonable inference to be drawn from the "well-pleaded"

20  allegations of the complaint.  Retail Clerks Int'l Ass'n v.

21  Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff

22  need not necessarily plead a particular fact if that fact is a

23  reasonable inference from facts properly alleged.  See id.

24       Nevertheless, it is inappropriate to assume that the

25  plaintiff "can prove facts which it has not alleged or that the

26  defendants have violated the . . . laws in ways that have not

27  been alleged."  Associated Gen. Contractors of Calif., Inc. v.

28  Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983).

                                3

Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

Ultimately, the court may not dismiss a complaint in which the plaintiff alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1973 (2007).  Only where a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible," is the complaint properly dismissed.  Id.  "[A] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (quoting Hudson v. King & Spalding, 467 U.S. 69, 73 (1984)).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). Specifically, a court "may take judicial notice of public records related to legal proceedings in both state courts and in the district court." Rose v. Beverly Health and Rehab. Servs., Inc., 356 B.R. 18, 23 (E.D. Cal. 2006) (citing Miles v. State of California, 320 F.3d 986, 987 (9th Cir. 2003)).

/////

/////

4

**ANALYSIS**

Allstate moves to dismiss plaintiffs' Second Amended Complaint on the basis of judicial estoppel.  Specifically, defendant asserts that because the claim for insurance benefits was not disclosed as an asset in the bankruptcy petition, plaintiffs are estoped from bringing this current claim for insurance benefits.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." Hamilton v. State Farm Fire & Casualty Co., 270 F.3d 778, 782 (9th Cir. 2001) (citing Risetto v. Plumbers & Steamfitters Local 343, 94 F.3d 597, 600-01 (9th Cir. 1996); Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990)).  The doctrine serves "to protect against a litigant playing fast and loose with the courts" and to take into account "general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings." Id.; Russell, 893 F.2d at 1037.  Application of judicial estoppel is not limited to circumstances where a party asserts inconsistent positions in the same litigation, but may also serve to bar litigants from making inconsistent statements in two different cases. Id. at 782-83; see also Rose v. Beverly Health and Rehab. Servs., Inc., 356 B.R. 18, 23-24 (E.D. Cal. 2006).

A court "may" consider three factors in deciding whether to exercise its discretion in applying the doctrine of judicial estoppel in a particular case. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001); Hamilton, 270 F.3d at 782-83.  "First, a

5

party's later position must be 'clearly inconsistent' with its earlier position." Hamilton, 270 F.3d at 782.  Second, the party must have "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'"  Id.  Third, the court must determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  Id. at 783.

In the bankruptcy context, the Ninth Circuit has explicitly held that "a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements. Id. at 783.  In Hamilton, the plaintiff filed an insurance claim with the defendant insurance company for alleged losses resulting from water damage.  Id. at 780.  After the insurance claim was filed, the plaintiff filed for Chapter 7 bankruptcy.  Id. at 781. The plaintiff failed to list the claims against State Farm as assets of the estate and, eventually, the plaintiff's bankruptcy petition was dismissed.  Id.  Subsequently, the plaintiff filed suit against State Farm.  Id. at 781-82.  The Ninth Circuit held that the plaintiff had "clearly asserted inconsistent positions" by failing to list his claims against State Farm as assets on the bankruptcy schedules and later suing State Farm on the same claims.  Id. at 784.  The Hamilton court also held that the bankruptcy court had "accepted" the plaintiff's prior representation by discharging the debt, even though the discharge

was later vacated.  Id.  Finally, the court held that application

of the doctrine of judicial estoppel was necessary to protect the

integrity of the bankruptcy process.  Id. at 785 ("The courts

will not permit a debtor to obtain relief from the bankruptcy

court by representing that no claim exists and then subsequently

to assert those claims for his own benefit in a separate

proceeding.") (internal quotation omitted).  Therefore, the Ninth

Circuit held that plaintiff was estopped from pursuing his claims

against State Farm.  Id.; see also Hay v. First Interstate Bank

of Kalispell, N.A., 978 F.2d 555, 557 (9th Cir. 1992) (holding

that the failure to give notice of a potential cause of action in

bankruptcy schedules and Disclosure Statements estops the debtor

from prosecuting that cause of action); Rose, 356 B.R. at 25

(granting defendant's motion to dismiss on the grounds that the

plaintiff was judicially estopped from litigating claims she had

a duty to disclose to the bankruptcy court).

     In this case, plaintiffs have asserted inconsistent

positions.[4]  On Schedule B of the Voluntary Petition, signed by

Chaudry Abid and Shamim Abid, plaintiffs represented that they

had no contingent and unliquidated claims of any nature.

(Bankruptcy File, Ex. A. to Def.'s Req. for Judicial Notice,

filed May 5, 2008, at Schedule B.)  At the time plaintiffs filed

for bankruptcy, plaintiffs had already filed a claim with

Allstate.  In fact, plaintiffs allege that the investigation into

the claim compelled the filing of the bankruptcy petition.  Yet,

---

     [4]   The court takes judicial notice of plaintiffs'
bankruptcy file.  See Rose, 356 B.R. at 24 (taking judicial
notice of filings in the bankruptcy court).

the insurance claim was not listed as an asset.  Plaintiffs are now asserting claims against Allstate arising out of the non-payment of this same insurance claim.  These positions are inconsistent.

Plaintiffs contend that disclosure of the claims was not required because, at the time the bankruptcy petition was filed, any claims they had in the insurance policy were not ripe "because the insurance company was essentially investigating Mr. Abid for insurance fraud." (SAC ¶ 11.)  In essence, plaintiffs argue that a claim does not have to be disclosed in bankruptcy if its legitimacy is in dispute.  Plaintiffs proffer no legal support for this position.  Rather, the Ninth Circuit has held that claims must be disclosed, *even if not yet filed*, where there were enough facts to put a plaintiff on notice of the existence of potential claims.  <u>Hay</u>, 978 F.2d at 557; <u>Hamilton</u>, 270 F.3d at 784 ("Judicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statement to identify the cause of action as an asset.").  Here, plaintiffs knew of all the material facts surrounding the fire, the insurance claim, and Allstate's investigation into the claim at the time the petition was filed.  As such, plaintiffs were required to disclose the claim in the petition.  <u>Hay</u>, 978 F.2d at 557; <u>Hamilton</u>, 270 F.3d at 784; <u>Rose</u>, 356 B.R. at 26.

Further, the bankruptcy court accepted plaintiffs' prior inconsistent position.  Specifically, on September 17, 2004, the bankruptcy court filed a notice of filing of no distribution,

providing that the trustee in the case had stated there were no funds available from the estate to distribute to creditors. (Bankruptcy File.)  Subsequently, on November 18, 2004, the bankruptcy court discharged the debts of Chaudry Abid and Shamim Abid.  (<u>Id.</u>)  The discharge of debt, particularly where there was no distribution of assets to creditors, constituted acceptance of plaintiffs' representation.  <u>See</u> <u>Hamilton</u>, 270 F.3d at 784.

Finally, plaintiffs would derive an unfair advantage from the inconsistent position.  The discharge of debt pursuant to the prior inconsistent position means that plaintiffs are not obliged to use the proceeds of this action against Allstate, if any, to satisfy the debts of the bankruptcy estate.  <u>See</u> <u>Rose</u>, 356 B.R. at 27.  "[T]he integrity of the bankruptcy system depends on the full and honest disclosure by debtors of all their assets."  <u>Hamilton</u>, 270 F.3d at 786 (quoting <u>In re. Coastal Plains</u>, 179 F.3d 197, 208 (5th Cir. 1999).  Allowing plaintiffs to prosecute claims that they did not disclose in the bankruptcy action would both undermine the integrity of the bankruptcy system and reward non-disclosure.  The court will not do so.

Accordingly, plaintiffs are judicially estopped from pursuing claims against Allstate.[5]

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED.  The Clerk of Court is directed to close this file.

/////

---

[5]   Because the court finds that the doctrine of judicial estoppel applies in this case, the court does not address defendant's argument that plaintiffs' claims are barred by the statute of limitations.

9

         IT IS SO ORDERED

DATED: June 24, 2008

                                    _____
                                    FRANK C. DAMRELL, Jr.
                                    UNITED STATES DISTRICT JUDGE

10